```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

DANIEL CROWL, Administrator of
the Estate of Derek Crowl,
      Plaintiff,

      v.                                    CIVIL ACTION NO.
                                             08-10022-MBB
M. CHIN REALTY TRUST,
GATEWAY REAL ESTATE GROUP, INC.,
GATEWAY PROPERTY MANAGEMENT, LLC,
and JEREMY MACIEJEWSKI,
      Defendants,

      v.

JEREMY MACIEJEWSKI,
      Defendant/Third Party Defendant.
```

**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' JOINT MOTION IN LIMINE TO PRECLUDE EVIDENCE**
**OF "CONSORTIUM" DAMAGES OTHER THAN THOSE RELEVANT**
**TO THE DECEDENT'S MOTHER, MICHELLE HUGHES**
<u>**(DOCKET ENTRY # 71)**</u>

**April 1, 2010**

**BOWLER, U.S.M.J.**

After hearing oral argument on the above styled motion (Docket Entry # 71) yesterday, this court took the motion under advisement. Trial is set to commence on April 5, 2010.

The decedent Derek Crowl ("the decedent"), a 19 year old college student at the time of his death, died leaving his mother, his twin brother Daniel and his maternal grandparents. Plaintiff Daniel Crowl, Administrator of the Estate of Derek Crowl ("plaintiff"), seeks to recover on his own behalf along

with his mother and his maternal grandmother[1] loss of consortium damages under Massachusetts General Laws chapter 229 ("chapter 229"), section two ("section two").  Plaintiff points out that at the time of the decedent's death, the decedent lived with his brother and maternal grandmother.  Defendants move in limine to preclude plaintiff from introducing evidence of any loss of consortium damages beyond those experienced by the mother.[2]  (Docket Entry # 71).

## DISCUSSION

Section two, as amended to eliminate language dictating that money be "*distributed* as provided in section one," Bratcher v. Galusha, 627 N.E.2d 908, 910 n.3 (Mass. 1994) (emphasis added), currently reads that a defendant shall be liable for "the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one . . .."  Mass. Gen. L. ch. 229, § 2; see Bratcher v. Galusha, 627 N.E.2d at 910

---

[1]  The decedent's maternal grandfather passed away within a year of the decedent's death.  (Docket Entry # 80).

[2]  The ability to present evidence of the decedent's conscious pain and suffering is separate and distinct from the ability to present loss of consortium damages experienced by a particular plaintiff.  See generally Santos v. Lumbermens Mutual Casualty Co., 556 N.E.2d 983, 987 (Mass. 1990) (although section six of chapter 229 "permits the joinder of separate counts for death and for conscious suffering in a single action, they are separate causes of action"); Pobieglo v. Monsanto Co., 521 N.E.2d 728, 732 (Mass. 1988) (same).  This opinion addresses the latter issue.

2

n.3.  Addressing the interplay of section 1(1) and section two of chapter 229, the Bratcher court explained that:

> "[T]he first clause of § 2 limits recovery to a particular class of persons.  It provides for recovery of compensatory damages by 'the persons entitled to receive the damages recovered' and limits the class to those persons 'as provided in section one.'"

Bratcher v. Galusha, 627 N.E.2d at 909-910 (quoting Burt v. Meyer, 508 N.E.2d 598, 601 (Mass. 1987), quoting sections one and two of chapter 229).  Finding that section 1(1) defines the persons entitled to recover solely in terms of the surviving spouse, the Bratcher court denied section two recovery to the decedent's father.  Bratcher v. Galusha, 627 N.E.2d at 909-910.

The Massachusetts Supreme Judicial Court ("SJC") in Burt v. Meyer, 508 N.E.2d 598 (Mass. 1987), also interpreted the interplay between sections one and two of chapter 229.  The Burt court refused to apply the statutory formula for recovery in section 1(3) as urged by four children of a decedent, who was also survived by his wife.  Instead, the court affirmed the issuance of the monetary award in a different amount to the children as determined by a jury.  Id. at 602.  Significantly, section 1(3) not only identifies the class of persons entitled to recover as the surviving wife or husband and the children, but it also sets out a statutory formula for the amount those persons can recover, to wit, "one third to the use of such surviving spouse and two thirds to the use of such surviving children."

Mass. Gen. L. ch. 229, § 1(3).  Burt therefore dealt with "allocation of compensatory damages" and, more specifically, whether to apply the statutory formula in section 1(3) or the amount determined by the jury.  Because section two already defined the compensatory amount as "*the fair monetary value* of the decedent to the persons entitled to receive the damages," the Burt court denied a recovery determined by the statutory formula in section 1(3).  Burt v. Meyer, 508 N.E.2d at 602 (quoting section two; emphasis in original).

Taken together, these decisions stand for the principle that section two defines the amount of compensatory consortium damages as the "fair monetary value of the decedent" to the plaintiff whereas section one defines the class of persons entitled to receive those damages.  See Mass. Gen. L. ch. 229, § 2 ("to the persons entitled to receive the damages recovered, as provided in section one, . . ."); Bratcher v. Galusha, 627 N.E.2d at 910 (the plaintiff suffering the loss "must also be a member of the class of 'presumptive takes'"); Burt v. Meyer, 508 N.E.2d at 602 ("§ 1 determines only the 'presumptive takers' of compensatory damages"); Guy v. Johnson, 448 N.E.2d 1142, 1143 (Mass.App.Ct. 1983) (section 1(4) "describes the persons or classes of persons who figure as distributees of a wrongful death recovery").  Put another way, section one "determines the appropriate recipients of any recovery in a wrongful death action" and "provides for the

'next of kin' to recover if the decedent has no spouse or issue." <u>Schultz v. Grogean</u>, 548 N.E.2d 180, 181 (Mass. 1990).

In the case at bar, the relevant provision of section one is section 1(4) because it applies when "there is no surviving spouse." Mass. Gen. L. ch. 229, § 1(4). Section 1(4), like section 1(1), identifies only the class of "the persons entitled to recover" within the meaning of section two. Mass. Gen. L. ch. 229, § 1(4). Unlike section 1(3), section 1(4) does not set out a statutory formula for recovery. <u>Burt</u> dealt with the "allocation of compensatory damages," <u>Burt v. Meyer</u>, 508 N.E.2d at 602, among the persons entitled to recover, i.e., the presumptive takers. <u>Schultz v. Grogean</u>, 548 N.E.2d at 181. Here, the issue is not the allocation of damages but who can recover, to wit, whether the mother only or also the brother and the maternal grandmother.

Section 1(4) reads, "If there is no surviving wife or husband, then to the use of the next of kin." Mass. Gen. L. ch. 229, § 1(4). Section one does not define the term "next of kin." The decision in <u>Schultz</u> provides the answer.

The <u>Schultz</u> court determined that the parents of an emancipated child who died are the presumptive class of takers as "next of kin." The court first explained that section one "determines the appropriate recipients of any recovery in a wrongful death action" and "provides for the 'next of kin' to

recover if the decedent has no spouse or issue." Schultz v. Grogean, 548 N.E.2d at 181. The court then distinguished Burt and Guy as involving "the issue of the distribution of the proceeds of a wrongful death action *among* those entitled to recover" and that such distribution may present legal difficulties absent from the present case. Id. at 181-182 (emphasis added). The court then stated that:

> As we concluded in Burt, § 1 "determines . . . the 'presumptive takers' of compensatory damages." Id., 400 Mass. at 191, 508 N.E.2d 598. See Guy, supra 15 Mass.App.Ct. at 761, 448 N.E.2d 1142. Alan's parents are the presumptive takers; on this point, there is no ambiguity. Thus, in Norman v. Massachusetts Bay Transp. Auth., 403 Mass. 303, 308, 529 N.E.2d 139 (1988), we said in dicta that "if, as a result of the defendant's negligence, the child had died, his parents, as next of kin, would have been entitled to recover under the wrongful death statute, G.L. c. 229, § 2, for the loss of his consortium." We adhere to that statement in Norman. We therefore conclude that G.L. c. 229, §§ 1 and 2, permits parents of a deceased adult unmarried child, as next of kin, to recover for those elements of damages set forth in the wrongful death statute.

Schultz v. Grogean, 548 N.E.2d at 182 (internal brackets omitted). Indeed, in a footnote following the above "next of kin" language, the court cited to section four of chapter 190 as the basis to reject the defendants' interpretation of "next of kin" as precluding the decedent's parents. Id., 548 N.E.2d at 182 n.6.

Similarly, citing Guy, one court in this district concludes that "'next of kin' is limited to the decedent's closest blood relative as defined by the Commonwealth's intestacy law." Poyser

6

v. United States, 602 F.Supp. 436, 440 (D.Mass. 1984).  Under Massachusetts intestacy law, if an intestate dies leaving no children and no father, "only the mother will take from the estate."  Poyser v. United States, 602 F.Supp. at 440 (citing Mass. Gen. Laws ch. 190, § 3); Mass. Gen. L. ch. 190, § 3(4).

## CONCLUSION

In accordance with the above discussion, the motion in limine (Docket Entry # 71) is **ALLOWED** to the extent of precluding plaintiff from introducing evidence of loss of consortium damages under section two beyond those experienced by the mother.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge